IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO QUANT,<br><br>　　　　Petitioner,<br><br>vs.<br><br>PEOPLE OF CALIFORNIA,<br><br>　　　　Respondent(s). | No. C 12-5736 CRB (PR)<br><br>ORDER OF DISMISSAL<br><br>(Docket # 3) |

      Petitioner, a California prisoner currently on parole/probation from a 2009 conviction and sentence from Orange County Superior Court, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a prior 2000 second degree robbery conviction (and expired three-year sentence) used to enhance the current 2009 conviction and sentence. Petitioner alleges that the prior 2000 conviction is invalid because counsel was ineffective.

      Unfortunately for petitioner, the Supreme Court has made clear that an expired conviction cannot be challenged in an attack upon the later sentence it was used to enhance. See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001) (prior conviction cannot be challenged in a § 2254 petition); Daniels v. United States, 532 U.S. 374, 382-83 (2001) (prior conviction cannot be challenged in a § 2255 motion).

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did

> so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Coss, 532 U.S. at 403-04 (citation omitted). The only exception to this rule is for a claim that the prior conviction was unconstitutional because there was a failure to appoint counsel in violation of the Sixth Amendment right to counsel as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963). See Coss, 532 U.S. at 404; Daniels, 532 U.S. at 382. There is no such claim here.

For the foregoing reasons, the court's November 26, 2012 order to show cause is DISCHARGED and the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED under the rationale of Coss.

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot (see docket #3) and close the file.

SO ORDERED.

DATED:   Dec. 3, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.12\Quant, A.12-5736.dismissal.wpd       2